# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

       Plaintiff,

     vs.                                Cr. No. 07-380

**WAYLON JIM,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States's *Motion in Limine to Preclude Reference to Defendant's Statement to Law Enforcement* [Doc. 64], filed February 28, 2008.  The Court held a hearing on the motion on March 13, 2008.  Having reviewed the parties' submissions, the relevant law, the arguments and evidence presented at the motions hearing, and being otherwise fully advised in the premises, the Court grants the statement-preclusion motion for the reasons set forth below.

## I. BACKGROUND

In the early morning hours of September 1, 2006, Defendant Waylon Jim was driving a car that rolled over in a single-vehicle accident, killing passengers Jameson Toledo and Regis Sandoval.  The Defendant and passenger Jonah Sandoval survived.  After the rollover, the Defendant was taken to an Indian Health Services hospital emergency department where, approximately four hours after the accident, his blood was drawn for the purpose of screening for alcohol and other mind-impairing substances.  The Defendant's blood-alcohol

concentration ("BAC") measured 112 mg/dl (approximately 0.095 g/dL), which is above the legal limit for operating a motor vehicle.  Later in the day of September 1, 2006, the Defendant made a statement to law enforcement officers in which, among other things, he offered that "[h]e lost control of the vehicle and flipped the vehicle" in an attempt to avoid colliding with an elk. [Doc. 64; Exh. 2].

In connection with the deaths of his passengers, the Defendant has been charged in a Superseding Indictment with four counts of involuntary manslaughter in Indian Country (the unlawful killing of Regis Sandoval while operating a motor vehicle while under the influence of alcohol; the unlawful killing of Regis Sandoval while operating a motor vehicle without due caution and with a wanton and reckless disregard for human life [Counts 1 and 2]; and the same two charges with respect to Jameson Toledo [Counts 3 and 4]).

The Government has filed a motion in limine in which it

> seeks to prevent any reference by defense counsel, to the written or oral statement made by the defendant, in his opening statement or in any crossexaminations of the United States' witnesses. The defendant is provided the opportunity to testify at trial should he wish to tell his story under oath. But the Court should not permit defense counsel to reference the defendant's story prior to his testimony because it allows defense counsel to reference hearsay testimony. Once the jury hears reference to the defendant's statement it forces the United States to admit the statement and provides the defendant with an opportunity to get out his story without having to testify.

[Doc. 64 at 2].  The Government represents that it does not intend to introduce the written statement in its case-in-chief, nor will any of its witnesses refer to the statement. [Id. at 1]. The Defendant responds that his statement, in which he admits drinking beer in addition to

2

offering his opinion as to the cause of the rollover, is admissible under Fed.R.Evid. 801(d)(1) as a prior consistent statement that "serve[s] to rebut any express or implied charge of recent fabrication or improper motive." [Doc. 75 at 2].  Among other things, the Defendant asserts that (1) whether the statement is self-serving is irrelevant, and (2) nothing in the Rules prevents a defendant from being the one to introduce an admission of a party-opponent as long as he introduces it in its entirety. [Id.].

## II. ANALYSIS

In United States v. Larsen, the defendant argued that he was prejudiced by his joint trial in numerous ways.  United States v. Larsen, 175 Fed.Appx. 236, 241 (10th Cir. Apr. 7, 2006).  Among other things, he insisted that the joint trial violated his Sixth Amendment right to confrontation because he was prevented, on cross-examination, from eliciting his own exculpatory out-of-court statements from a testifying detective who was allowed by the court, during direct examination, to testify as to the defendant's inculpatory statements. [Id.]. Given the circumstances, the Tenth Circuit was unpersuaded, explaining:

> The Supreme Court has said that "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Id. Here, however, Mr. Larsen has failed to show that his exculpatory out-of-court statements would have been admissible if he were tried alone.  Mr. Larsen does not point to any exception to the hearsay rule that would permit him to introduce into evidence his own out-of-court exculpatory statements; nor can we identify one.
> . . .
>
> For example, Fed.R.Evid. 804(b)(3) does not apply because that rule "does not allow admission of non-self-inculpatory

3

statements, even if they are made within a broader narrative that is generally self-inculpatory.... [T]his is especially true when the statement implicates someone else." <u>Williamson</u>, 512 U.S. at 600-601, 114 S.Ct. 2431. ***Rule 801(d)(1), which excludes from the definition of hearsay certain prior consistent statements when the declarant testifies at trial, does not apply because Mr. Larsen (the declarant) did not testify at trial. Rule 801(d)(2), which excludes from the definition of hearsay admissions by a party-opponent, does not apply because that rule does not permit self-serving, exculpatory statements made by a party and offered by that same party***. Rule 106, which states that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it," does not apply because no written or recorded statement was admitted into evidence. Although these are just some examples, upon a review of the remaining exclusions and exceptions, we conclude that none apply in this case.

Though we acknowledge that the rules of evidence "may not be applied mechanistically to defeat the ends of justice," see <u>Chambers v. Mississippi</u>, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), in appropriate circumstances, the defendant's right to present relevant testimony may " 'bow to accommodate other legitimate interests in the criminal trial process.' " <u>Richmond v. Embry</u>, 122 F.3d 866, 872 (10th Cir.1997) (quoting <u>Michigan v. Lucas, 500 U.S. 145,</u> 149, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991)). In this case, we decline to permit Mr. Larsen to use the Confrontation Clause as a means to "effectuate an end-run around the adversarial process" by admitting his otherwise inadmissible hearsay testimony without subjecting himself to cross-examination.

[<u>Id.</u> at 241-242 (emphasis added and internal footnote omitted)].

Pursuant to Rule 801(d)(1)(B), the Defendant's statement might be admissible *if* the

4

Defendant testifies and *if* the statement becomes necessary to rebut a charge of fabrication. It could also be admissible if other parts of the statement were admitted and the contested section is needed, in fairness, to make complete the parts of the statement admitted against the Defendant.[1]  <u>Larsen</u>, 175 Fed.Appx. at 241; <u>see also</u> Fed.R.Evid. 106.  However, the Defendant is incorrect when he suggests that nothing prevents him from offering a statement that, if introduced by the Government, would be considered an admission of a party-opponent, given the specific command in <u>Larsen</u> that "Rule 801(d)(2) . . . does not permit self-serving, exculpatory statements made by a party and offered by that same party." <u>Larsen</u>, 175 Fed.Appx. at 241; <u>see also</u> <u>United States v. Marin</u>, 669 F.2d 73, 84 (2nd Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

## III. CONCLUSION

For the reasons stated, the Government's motion to preclude reference to the Defendant's statement to law enforcement is granted. While the Defendant will not be permitted to reference his *written statement* in opening statements or in cross-examination of the Government's witnesses, nothing in this *Opinion* precludes the Defendant from arguing his belief that the rollover was caused as a result of his attempt to avoid hitting an elk.  As always, this pretrial evidentiary ruling is subject to reconsideration in the event that unforeseen circumstances or a change in context should arise during the trial.

---

[1]  Such might be the case if, for example, the Government were to bring in part of the Defendant's statement and fairness then required that the remainder of the statement be brought in to create a context for the jury.

**IT IS, THEREFORE, ORDERED** that the United States's *Motion in Limine to Preclude Reference to Defendant's Statement to Law Enforcement* [Doc. 64] is **GRANTED**.

**SO ORDERED** this 17th day of March, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge